UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br> vs.<br><br>JENNIFER HUGGINS,<br><br>      Defendant. | CR. 15-50025-JLV<br><br>ORDER DENYING DEFENDANT'S APPEAL OF DETENTION ORDER |

**INTRODUCTION**

Pending before the court is the defendant's appeal of the decision of Magistrate Judge Daneta Wollmann requiring detention of the defendant pending sentencing.  (Docket 29).   Ms. Huggins argues exceptional circumstances pursuant to 18 U.S.C. § 3145 exist to allow her to remain free on bond pending sentencing.  Id.   The government resists the defendant's appeal motion.  (Docket 30).   For the reasons stated below, the defendant's motion is denied.

**DISCUSSION**

On July 15, 2015, Ms. Huggins entered into a plea agreement with the government.  (Docket 18).   The court referred the case to Magistrate Judge Wollmann for receiving a plea and issuing a report and recommendation as provided by 28 U.S.C. § 636(b)(1).   (Docket 22).   On July 23, 2015, Ms. Huggins appeared before Magistrate Judge Wollmann for a change of plea hearing.  (Docket 23).   Following the hearing, Magistrate Judge Wollmann filed a report

and recommendation. (Docket 25). Both the government and Ms. Huggins consented to the plea hearing before the magistrate judge and waived the 14-day time period to file any objections to the report and recommendation. Id. at p. 1.

At the hearing and after having been advised of her constitutional and statutory rights, Ms. Huggins pled guilty to count 2 of the indictment charging possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C). Id. at pp. 1-2. The maximum penalties applicable to that offense are: twenty (20) years of incarceration, a $1,000,000 fine, or both and a period of supervised release of at least three (3) years up to life. Id.; see also 21 U.S.C. § 841(b)(1)(C). Magistrate Judge Wollmann recommended Ms. Huggins' guilty plea to count 2 of the indictment be accepted and the defendant be adjudged guilty of that offense.[1] (Docket 25 at p. 2).

During the July 23 hearing, the magistrate judge heard the parties on the issue of bond pending sentencing. (Docket 23 at p. 1). The government made a motion to have the defendant detained pending sentencing and Ms. Huggins made a motion to permit her to remain on presentence release. Id. The magistrate judge entered an order of detention. (Docket 26). The magistrate judge found Ms. Huggins' plea to possession with intent to distribute a controlled substance in violation of 21 U.S.C. 841(b)(1)(C) is an offense which "falls under 18 U.S.C. § 3142(f)(1)(C), as an offense for which a maximum term of

---

[1] The district court adopted the report and recommendation on July 28, 2015, and "adjudged [Ms. Huggins] guilty of possession with intent to distribute a controlled substance as charged in count 2 of the indictment." (Docket 28 at p. 1).

imprisonment of ten years or more is prescribed in the Controlled Substances Act." Id. at p. 2.  The magistrate judge found no exceptional circumstances existed which removed Ms. Huggins from the mandatory detention provisions of 18 U.S.C. § 3143(a)(2).   Id.

Ms. Huggins appeals to the district court asserting she "was able to show exceptional circumstances, pursuant to 18 U.S.C. § 3145(c) warranting her continued release [pending sentencing]."  (Docket 29 at p. 1).  Ms. Huggins argues a number of factors exist which constitute exceptional circumstances. Id. ¶¶ 1-5.  Those factors as enumerated in her appeal motion are:

1. Factually Ms. Huggins' adjustment to pretrial release was exceptional; she successfully completed treatment, was attending after-care for her meth addiction, was employed fulltime at the Humane Society in Rapid City, she was in the process of regaining custody of her daughter, she was paying child support, her turnaround was exceptional.

2. Legally, Ms. Huggins' case is exceptional, uncommon, and out of the ordinary; her plea agreement provides she is a minimal participant involved with a very low drug quantity, has a low base offense level, and may move for a downward departure/variance below her guideline level which allows her to make a request for probation.

3. On pre-trial release, Ms. Huggins was able to prove she does not pose a flight risk or pose a danger to herself or the community.

4. The exceptional reasons provision is intended to provide an avenue for discretionary relief and to mitigate the harshness of the laws that have a blanket prohibition of release pending sentencing.

5. Ms. Huggins' culpability is significantly less than those of the typical offender contemplated by Congress when it created categories of dangerous offenders.

<u>Id.</u>  Ms. Huggins attached two support letters confirming her conduct while on pretrial release.   (Dockets 29-1 & 29-2).

The mandatory detention provisions of the Bail Reform Act require detention of any defendant "found guilty of an offense . . . described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition . . . of sentence . . . ."  18 U.S.C. § 3143(a)(2).   Subparagraph (C) of 18 U.S.C. § 3142(f)(1) includes a violation of 21 U.S.C. § 841(b)(1)(C) as it is an offense for which the maximum term of imprisonment is ten years or more as prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*).   The exceptions to mandatory detention are limited to two situations.   First, if the court "finds there is a substantial likelihood that a motion for acquittal or new trial will be granted . . . ."  18 U.S.C. § 3143(a)(2)(A)(i).   The second exception contains two elements: first, the government is recommending no sentence of incarceration be imposed and second, the court finds by clear and convincing evidence the defendant is not a flight risk and does not pose a danger to the community. 18 U.S.C. §§ 3143(a)(2)(A)(ii) and (B).   Neither exception under § 3143(a)(2) applies.   Ms. Huggins entered a guilty plea, so there will be no acquittal or new trial.   The government intends to seek imprisonment. (Dockets 18 at p. 4; 26 at p. 2).

Notwithstanding the mandatory detention provisions of § 3143, the court may still release a defendant pending sentencing pursuant to § 3145(c).   "A person subject to detention pursuant to section 3143(a)(2) . . . and who meets the

conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). The defendant must show by clear and convincing evidence she is not likely to flee or pose a danger to the community and it also must be shown there are exceptional reasons why detention is not appropriate. " 'Exceptional reasons' must include something that is 'clearly out of the ordinary, uncommon, or rare.' " United States v. Helder, No. 5-00125-CR-W-DW, 2006 WL 4080952 (W.D. Mo. Sept. 21, 2006) (citing United States v. Brown, 368 F.3d 992, 993 (8th Cir. 2004) (internal citation omitted).

"It is well settled that compliance with the terms of pretrial release is commendable but does not justify release under section 3145(c)." United States v. Mahoney, 627 F.3d 705, 706 (8th Cir. 2010) (referencing United States v. Little, 485 F.3d 1210, 1211 (8th Cir. 2007) ("It is not exceptional to expect every defendant to timely appear in court and to obey the court's order concerning pretrial conditions of release. Nor is it clearly out of the ordinary, uncommon, or rare for defendants to cooperate in the investigation of their criminal acts."); United States v. Larue, 478 F.3d 924, 925 (8th Cir. 2007) ("Larue's compliance with the terms of his pretrial release, his lack of a criminal record, his payment of child support, and his ongoing employment are commendable, but they are not 'clearly out of the ordinary, uncommon, or rare.' ") (citing Brown, 478 F.3d at 993); and United States v. Mostrom, 11 F.3d 93, 95 (8th Cir. 1993)

("[C]ompliance with pretrial supervision and gainful employment up until the date of sentencing are not, in and of themselves, 'exceptional reasons why such person's detention would not be appropriate.' ") (citing 18 U.S.C. § 3145(c)).

Personal reasons, such as caring for family members, being gainfully employed, and caring for young children with unique health problems are not extraordinary reasons. United States v. Green, 250 F. Supp. 2d 1145, 1149 (E.D. Mo. 2003). "Congress did not intend release upon a simple accumulation of numerous common circumstances that alone would not constitute an exceptional reason." Id. "The Court recognizes the admittedly serious burden upon Defendant and his family now and in the future; however, these personal hardships in no way are unusual for a defendant facing incarceration. Rather, the circumstances Defendant assigns at this time demonstrate nothing more than the all too common effects of criminal behavior." Id. at 1151. See also United States v. Schmitt, 515 F. App'x 646, 647 (8th Cir. 2013) ("none of the reasons relied upon by the district court [drug conspiracy participation to satisfy one's own addiction, cooperation with the court, helping elderly parents, no risk to community] in determining that Schmitt should not be detained, either individually or in combination, are 'exceptional' within the meaning of 18 U.S.C. § 3145(c), because they are not 'clearly out of the ordinary, uncommon or rare,' the standard which we have consistently applied.").

The factors recognized as exceptional circumstances are limited. See United States v. Charger, 918 F. Supp. 301 (D.S.D. 1996) (reasons for a

6

downward departure exist); United States v. Banta, 165 F.R.D. 102, 104 (D. Utah 1996) (the possibility exists the defendant may serve any imposed sentence before an appeal is resolved); United States v. Carretero, No. CR. 98-CR-418TJM, 1999 WL 1034508 at *8 (N.D.N.Y. Nov. 4, 1999) (active cooperation with the government in order to receive a sentence reduction under § 5K1.1 of the United States Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure); United States v. Garcia, 340 F.3d 1013, 1022 (9th Cir. 2003) (detaining a seriously ill defendant pending appeal may be unduly harsh, even where the government may be able to provide adequate medical care); United States v. Kaquatosh, 252 F. Supp. 2d 775, 779 (E.D. Wis. 2003) ("[D]efendant's parent or spouse was seriously ill and may die prior to sentencing; or a defendant's child was scheduled for surgery during this time; or where a defendant's family was facing a particularly difficult financial situation that could be ameliorated if the defendant remained free and employed; or where a defendant's employer had a special need for his services; or where the defendant was undergoing substance abuse or psychiatric treatment that would be unavailable if he were incarcerated."); United States v. Mitchell, 358 F. Supp. 2d 707, 708 (E.D. Wis. 2005) ("[D]efendant fully cooperated with the government and, according to the prosecutor, will receive a U.S.S.G. § 5K1.1 motion at sentencing.").

The court finds Ms. Huggins's personal circumstances do not constitute exceptional circumstances under § 3145(c).[2]  The decision of the magistrate judge is affirmed and Ms. Huggins shall be detained in accordance with the mandatory requirements of § 3143.  Based on the foregoing, it is

ORDERED that defendant's motion (Docket 29) is denied.

Dated July 30, 2015.

                BY THE COURT:

                /s/ *Jeffrey L. Viken*
                JEFFREY L. VIKEN
                CHIEF JUDGE

---

[2]This has been the consistent position taken by the court where defendants have done well on pretrial release and pled guilty to an offense under the Controlled Substance Act.  See United States v. Bravo, CR. 12-50059-05-JLV, Docket 436; United States v. Janis, CR. 12-50059-07-JLV, Docket 607; United States v. Pond, CR. 13-50043-08-JLV, Docket 326.

8